GLENS FALLS INDEMNITY CO. ET AL., Petitioners, *v*. DISTRICT COURT OF AGUADILLA, Respondent.

No. 1269.   Argued January 19, 1942.—Decided January 28, 1942.

*José López Baralt* for petitioners.   *García Méndez & García Méndez* for intervener, plaintiff in the main action.

MR. JUSTICE SNYDER delivered the opinion of the court.

We heard this case on certiorari brought against the District Court of Aguadilla. The original suit in the lower court prayed for alleged damages arising out of an automobile accident. The original suit was filed against the driver of the truck involved, the express company which owned the truck and employed the driver, and the petitioner herein, an insurance company.

The petitioners complain of the order of the lower court holding that the plaintiff in the original suit was entitled to judgment on the pleadings because the motion to strike and the demurrer of the petitioners were frivolous. The same order provided for a hearing solely to determine the amount of damages.

■ We find it unnecessary and undesirable to pass on the merits of this matter at this time in view of the motion for reconsideration filed by the petitioners in the lower court. The petitioners having chosen to pray for reconsideration of that order before they filed their petition for certiorari in this court, they should give the lower court the opportunity to consider that motion before coming to this court with an extraordinary proceeding such as certiorari (*González* v. *District Court*, 54 P.R.R. 464). The fact that the regular judge was on vacation when the motion for reconsideration was filed does not affect our conclusion. As a matter of fact, the record shows that a substitute judge actually was appointed in ample time to consider the motion for reconsideration had not the petition herein been filed.

■ However, we feel constrained to say that were it not for the pendency of this motion for reconsideration in the lower court, we would be inclined to agree with the position of the petitioners. As the petitioners point out, in a similar case recently decided in the same lower court by the same judge, the latter granted a motion to strike almost the same words. Yet in this case the same judge found that a similar motion was frivolous. Moreover, the demurrer, although in the first instance addressed, of course, to the pleadings, foreshadowed a serious question of ultimate liability on the part of the insurance company, the petitioner herein. The petitioners would seem to be entitled to raise this point both in the pleadings and by proof. Indeed, the record discloses that the petitioners had made other substantial efforts to make certain that this same point would be judicially determined by filing a suit for a declaratory judgment in the District

Court of San Juan against the express company and the plaintiff in the original damage suit, asking for a declaratory judgment that the insurance company, the petitioner herein, was not obliged to defend the original damage suit or to pay any judgment therein, because the express company had not complied with one of the conditions of the policy by its failure to advise the insurance company of the occurrence of the accident in question.

We do not wish this portion of our opinion to be interpreted as in any way intimating that the correctness of the lower court's rulings on the motion to strike and on the demurrer is being considered on its merits by this court at this time. Both parties concede that can not be done on certiorari. What we have done is to point out why we find it difficult to regard the petitioners' motion to strike and demurrer as frivolous, apart from the merits of their contentions.

The petitioners also contend that no case decided by this court has as yet authorized a motion for judgment on the pleadings in a suit for damages where the damages are necessarily unliquidated. Since it is unnecessary to pass on that question in this case, we expressly leave it open.

The writ should be discharged and the case remanded to the lower court for disposition of the motion for reconsideration.

Mr. Justice Travieso took no part in the decision of this case.